**CLOSED**

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PROSPER ESSOMBA, : | |
| : | |
| Petitioner, : | Civil No. 06-2218 (FSH) |
| : | |
| v. : | |
| : | |
| BICE/DHS, et al., : | **O P I N I O N** |
| : | |
| Respondents. : | |

**APPEARANCES:**

| Petitioner pro se | Counsel for Respondents |
|---|---|
| Prosper Essomba | Neil Rodgers Gallagher |
| Hudson County Correctional Ctr | Asst. U.S. Attorney |
| 35 Hackensack Avenue | 970 Broad Street |
| Kearny, NJ 07032 | Suite 700 |
|  | Newark, NJ 07102 |

**HOCHBERG**, District Judge

Petitioner Prosper Essomba, an alien confined at the Hudson County Correctional Center in Kearny, New Jersey, while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are the Board of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United

Immigration and Customs Enforcement ("BICE") and Department of Homeland Security ("DHS"), Attorney General Alberto Gonzalez, Secretary of DHS Michael Chertoff, and Warden Edmond C. Cicchi.

**BACKGROUND**

On August 9, 2004, Petitioner was ordered removed from the United States to Cameroon by an Immigration Judge ("IJ") due to criminal convictions.  On September 8, 2004, his request for asylum under the Convention Against Torture was denied. Petitioner appealed the IJ's Order and on December 10, 2004, the Board of Immigration Appeals ("BIA") dismissed the appeal. Petitioner appealed the dismissal to the Court of Appeals for the Third Circuit.  The Third Circuit dismissed the appeal on September 29, 2005.

On May 11, 2006, Petitioner filed this Petition, seeking release from custody, on the grounds that the six-months presumptively-reasonable removal period had passed and his removal was not likely in the reasonably foreseeable future.  On March 13, 2007, two BICE officers were assigned to escort Petitioner to Morocco, to witness his removal from the United States to Cameroon.  However, the BICE had to abort the removal because Petitioner became combative on his way to the airport, and stated that he was refusing to depart the United States.  The BICE felt that continuing the removal, at that point, may have

States ... .

risked injury to Petitioner, the officers, and/or the public. Thus, Petitioner was to be returned to Hudson County Correctional Center.  On his way to the facility, Petitioner began to experience chest pains and was taken to the hospital.  After he was discharged from the emergency room, he was returned to Hudson County Correctional Center.

According to the Deportation Officer assigned to the case, the BICE has made arrangements for the removal of Petitioner to occur within one month- by May 3, 2007.

## ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-

reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 125 S.Ct. 716 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing.  Zadvydas, 533 U.S. at 699-701. Here, it is obvious from the record provided that there is good reason to believe that Petitioner will likely be removed in the reasonably foreseeable future; in fact, Respondents have attempted to remove Petitioner, but he resisted and failed to cooperate on the day of his scheduled flight, becoming combative and refusing to depart.  Thus, it is clear that Petitioner's detention is due to his own actions, as he could have been released from detention and removed on March 13, 2007.

### CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.

/s Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated:  4/11/07